## LOUISVILLE & NASHVILLE R. CO. *v.* JAMES WILKERSON.

### Damages for Breach of Contract—Carriers.

Where a carrier of passengers undertakes to transport a passenger from one point to another it is bound to stop its train and permit such passenger to get off at the point to which it has agreed to carry him, and failing to do so is liable to him for breach of its contract.

### Personal Injuries.

When a passenger whom a carrier has agreed to transport to a certain point leaves the train before it stops at such point and is injured, the carrier is not liable for damages on account of such injury.

### Measure of Damages.

The fact that a carrier violates its contract to transport a passenger to a certain point by failing to stop at such point, does not warrant such passenger in leaving the train while it is under headway and if he did so and in consequence is injured he is without remedy. He can hold the carrier for breach of its contract only, but not for his own folly.

### APPEAL FROM MARION CIRCUIT COURT.

#### April 11, 1876.

OPINION BY JUDGE LINDSAY:

The demurrer to the first paragraph of appellee's petition was properly overruled. If appellant undertook, as a carrier of passengers, to transport appellee from Lebanon to the Nelson farm, it was bound to stop its train and allow appellee to get off at his point of destination, and if it failed to do this, such failure was a breach of contract, for which it is answerable in damages.

The demurrer to the second paragraph was properly sustained. It is not material that appellant violated its contract in failing to stop its train. This failure did not warrant appellee in leaving the train

whilst it was under headway. If he did so, and in consequence of his own folly received personal injuries, he is without remedy therefor. He can hold the company responsible for its breach of contract, but not for the consequences of his own temerity.

It was error in the court to allow appellee to introduce on the trial evidence as to the injuries he thus received, and also as to the sickness of his wife, and as to the effect his injuries had upon her. The measure of the damages to which appellee is entitled, if he is entitled to recover at all, is correctly set out in instruction No. 4, given for appellant, and no proof should have been heard that did not tend to elucidate the questions incident to the element of damages therein stated.

Instruction No. 1, given for appellee, is correct except as to the measure of damages. It is error in such a case as this to tell the jury that they may assess damages at such sum as they may believe the plaintiff is entitled to. It leaves this important question to be determined in accordance with the opinions and feelings of the jurors, instead of by the rules of law. To this extent this instruction and instruction No. 4, given for appellant, are inconsistent. This is a case of mere breach of contract, and exemplary damages cannot be awarded. When the incompetent testimony is excluded, and instruction No. 1, given for appellee, is corrected as indicated, said instruction and instruction No. 4, given for appellant, will present the whole law of the case.

Instruction No. 7, asked by appellant, was properly refused. It is for the jury, uninfluenced by the court, to pass upon the credibility of competent witnesses.

Upon the cross appeal the judgment is *affirmed,* but upon the appeal of the railroad company it is *reversed.* The cause is remanded for a new trial upon principles consistent with this opinion.

*Ruussell & Huston, R. H. Rountree, for appellant.*
*J. D. Belden, for appellee.*